# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by Plaintiff **VERONICA SANCHEZ** ("Sanchez") and Defendant **SMOOTHIE KING CO., INC.** (hereinafter referred to as "Smoothie King")")(which term(s) shall collectively include all parent, subsidiary and affiliated companies including all officers, directors, agents, representatives, attorneys, fiduciaries, insurers, administrators, stockholders, partners, and/or employees, in both their individual and official capacities) and **SMOOTHIE KING DORAL FLORIDA** ("Franchisee").

**WHEREAS**, Sanchez originally filed suit against Smoothie King on or about July 1, 2015, in the Circuit Court for Eleventh Judicial Circuit in and for Miami Dade County, Florida, which was timely removed on September 3, 2015, by Smoothie King to the United States District Court for the Southern District of Florida, Case No. 1:15-cv-233-44-MGC (the "Action").

**WHEREAS**, in the Action, Sanchez alleges violations of the Fair Labor Standards Act (29 U.S.C. §§201 *et seq.*, hereinafter "FLSA") and the Florida Minimum Wage Act (§448.101, Fla. Stat. "FMWA"). Sanchez seeks unpaid minimum wage compensation, liquidated damages, and reasonable attorneys' fees and costs.

**WHEREAS**, Smoothie King denies that Sanchez was ever employed by Smoothie King or that it has committed any wrongdoing or violated any state or federal law pertaining to the payment of wages and has defended the claims asserted in the Action;



**WHEREAS**, Franchisee acknowledges that it employed Sanchez but denies that it has committed any wrongdoing or violated any state or federal law pertaining to the payment of wages;

**WHEREAS**, the Parties agree that there are bona fide disputes between them with respect to (a) the legal entitlement to the amounts claimed in the Action; and (b) the facts that are the basis for the allegations made in the Action;

**WHEREAS**, the Parties, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement believe that the settlement as provided in this Agreement is in each of their own best interests and counsel for Sanchez specifically and separately agree that the settlement as provided in this Agreement is in the best interests of the Sanchez and is a fair, reasonable, and adequate resolution of the Action;

**WHEREAS**, the Parties desire and intend to seek Court approval of the settlement of the Action as set forth in Section 1 of this Agreement and to seek an entry of final dismissal from the Court, dismissing with prejudice the claims of Sanchez as set forth herein;

**NOW, THEREFORE**, in consideration of the covenants and mutual promises and agreements herein contained, and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree to terminate past, present, and potential controversies

1

between the Parties to the extent stated in greater detail below, and the Parties covenant and agree as follows:

1. **Approval of Settlement.** All terms of this Agreement are contingent upon the approval of the Court, and this Agreement is entered into voluntarily by the Parties for settlement purposes only. Notwithstanding the above, the Parties intend for the terms and provisions of this Agreement to be binding upon the Parties subject to the approval of the Court.

2. **Settlement Approval Procedure.** This Agreement will become final and effective upon occurrence of all of the following events:

   a. Entry of an Order by the Court approving this settlement;

   b. Execution of this Agreement by Sanchez, Smoothie King, Franchisee and their respective counsel of record;

   c. Joint submission to the Court of a Joint Motion for Review and Approval of Settlement and Dismissal of Case with Prejudice requesting the Court's entry of an Order dismissing all claims made with prejudice.

   d. In exchange for this executed release by Sanchez, Franchisee shall tender to Sanchez's Counsel the settlement payment as stated below.



3. **Effect of Non-Approval.** In the event that any of the conditions specified in Section 2 of this Agreement are not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement, shall, for all purposes, be null and void. In such event, nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the Action and the Parties do not waive, and instead expressly reserve their respective and all rights with respect to the prosecution and defense of the Action as if the Agreement never existed. If voided, the Parties further agree to extend any necessary deadlines in the Action, or where necessary, request the Court to do so.

4. **Settlement Sum and Settlement Payment Procedure:** Franchisee shall pay the gross sum of $1,700.00 ("Settlement Payment") to settle all claims made in the Action. Upon execution of this Agreement, Court approval of the Parties' settlement, and within thirty (30) calendar days following Court approval, the Settlement Payment will be paid and distributed in one check made payable to Veronica Sanchez in the gross amount of Two Hundred Sixty and 42/100 Dollars ($260.42), with all proper withholdings made by Franchisee. Each party (i.e. Sanchez and the Franchisee) will pay the appropriate taxes, as either employer or employee customarily does, on this amount, which will be designated by the parties as back wages. Franchisee will issue an IRS Form W-2 to Sanchez for this respective amount at the normal time it issues W-2s to employees. A second check will be made payable to the Remer & Georges-Pierre, PLLC, Trust Account, Tax ID No. _____ in the amount of One Thousand Four Hundred Thirty Nine and 58/100 Dollars ($1,439.58) for attorneys' fees and costs.

2

5. **General Release by Sanchez:** In exchange for the considerations recited in Section 4 of this Agreement, Sanchez does hereby and forever release, acquit, and discharge Smoothie King and Franchisee, which includes their attorneys and past, present, and future divisions, affiliates, predecessor, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies from any and all claims, causes of action, demands, debts, obligations, damages, or liability of any nature whatsoever, known or unknown, that were alleged, could have been alleged, may be based in whole or in part upon, do or may arise out of, or are or may be related to or in any way connected with her employment with Franchisee as well as the claims, matters, transactions, or occurrences referred to in the Action, and any and all other claims under the FLSA and all other local, state, or federal laws relating to wage and hour compensation up to the execution of this Agreement, including, but not limited to, alleged claims of unpaid wages and all derivative claims under the Employee Retirement and Income Security Act, 29 U.S.C. §§ 201, *et seq.* All such claims, if any and including any and all claims for attorneys' fees, costs, expenses and the like, are hereby compromised, settled, and extinguished in their entirety.

Sanchez understands that she is releasing Smoothie King and Franchisee from claims that she may not know about as of the date of the execution of this Agreement, and that is her knowing and voluntary intent even though she recognizes that someday she might learn that some or all of the facts she currently believes to be true are untrue and even though she might then regret having signed this Agreement. Nevertheless, Sanchez is expressly assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Sanchez expressly waives all rights she might have under any law that is intended to protect her from waiving unknown claims, and Sanchez understands the significance of doing so.



Sanchez also confirms that no Opt-in Plaintiffs have filed their Consents to join this Action, and that she has neither solicited nor contacted any Smoothie King or Franchisee employees or former employees for purposes of joining the Action.

6. **Non-admission:** The Parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by the Parties. The Parties agree that this Agreement represents a fair and reasonable settlement of this bona fide dispute as to the facts and the law that apply to this matter. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties to this Agreement. The Parties further acknowledge and agree that this Agreement, the settlement, and any part of the negotiations shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity.

7. **Non-Disparagement:** Sanchez agrees that she will not make any disparaging statements or comments to any person or entity by any medium, whether oral or written, about Smoothie King or the Franchisee. Nor shall Sanchez communicate to any person or entity by any medium, whether oral or written, any information harmful or adverse to Smoothie King or the Franchisee.

3

8. **Modification of Agreement:** This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Parties and as approved by the Court.

9. **Further Cooperation:** The Parties and their respective counsel shall proceed diligently to prepare and execute all documents, to seek the necessary Court approvals, and to do all things reasonably necessary or convenient to consummate the Agreement and settlement as expeditiously as possible.

10. **Payment of Taxes:** Franchisee will be responsible for payroll deductions that it would normally be responsible for in connection with payment of wages to an employee. Sanchez agrees that she is ultimately and solely responsible for paying the correct amount of taxes on any amount she receives in connection with this Agreement. Sanchez agrees to not make any claim against Franchisee based on how Franchisee reports the amount paid under this Agreement to tax authorities or if an adverse determination is made as to the tax treatment of any amounts payable under this Agreement. Sanchez further acknowledges and agrees that, in the event that any taxes, penalties, or liabilities of any kind are assessed against or incurred by Franchisee or Smoothie King for any reason in connection with this Agreement and/or payment made hereunder, she will fully and completely indemnify and hold harmless Franchisee or Smoothie King for said taxes, penalties, or liabilities. Nothing contained herein shall be construed or relied upon as any advice or opinion by or on behalf of Franchisee or Smoothie King regarding the tax treatment of any sums payable pursuant to this Agreement.



11. **Entire Agreement:** This Agreement constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, oral or written, relating to the subject matter of this Agreement. This Agreement replaces and supersedes all prior agreements between the Parties. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms. This Agreement shall not be modified, amended or terminated unless such modification, amendment or termination is executed as required by Section 8 above.

12. **Construction:** This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement, or any specific term or condition thereof. Sanchez, Smoothie King and Franchisee participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, neither Sanchez, Smoothie King nor Franchisee may claim that any ambiguity in this Agreement should be construed against the other.

13. **Enforcement:** This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Florida, both in its procedural and substantive aspects, and without regard for the principle of conflict of laws, or, in the event the choice of Florida law is deemed inapplicable, in accordance with U.S. federal law. The application of the laws of the State of Florida, or U.S. federal law if Florida law is deemed inapplicable, shall exclude in all cases any choice of law or conflict of law rules or provisions

4

(whether of the State of Florida or any other jurisdiction) that may direct or would cause the application of the laws of any other state, country or jurisdiction.

14. **Remedies for Breach of Agreement:** Sanchez agree that Smoothie King and/or the Franchisee will be irreparably harmed by any actual or threatened violation of this Agreement, and that Smoothie King and/or the Franchisee will be entitled to an injunction prohibiting Sanchez from committing any such violation. Sanchez hereby waives any requirement for the posting of a bond by Smoothie King and/or the Franchisee in connection with any injunctive relief it may seek as set forth herein. In addition, if a court finds that Sanchez breached any provisions of this Agreement, Sanchez will be required to pay the reasonable attorneys' fees and costs Smoothie King and/or the Franchisee incurred in bringing the action to enforce this Agreement.

15. **Execution of Agreement:** The Parties agree that this Agreement shall be executed in multiple original counterparts, each having the same force and effect as if all Parties executed a single instrument. This Agreement will only be effective upon the execution of the Agreement by Sanchez, Smoothie King, and the Franchisee and upon Court approval of the Parties' settlement.

16. **Dismissal with Prejudice:** Upon the execution of this Agreement and Court approval of the Parties' settlement, Sanchez and Smoothie King will file with the Court a Stipulation of Dismissal With Prejudice of the Action.



17. **Attorney Fees, Costs Expenses:** Except as otherwise specifically provided herein, the Parties shall bear responsibility for their own attorneys' fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of the Action. Nothing in this Agreement, however, shall prohibit or restrict Smoothie King from seeking indemnification from Franchisee for all costs, expenses and attorneys' fees incurred in defense of this Action as provided for in the Franchise Agreement between Smoothie King and the owners of the Franchisee.

18. **Continuing Jurisdiction:** The United States District Court for the Southern District of Florida shall retain continuing jurisdiction and its ability to hear and adjudicate the issues of law and facts asserted in the Action until a final order of dismissal is signed by this Court.

19. **Confidentiality:** Other than as necessary to obtain Court approval of this settlement, Sanchez and her attorneys agree not to disclose the amount of the Settlement Payment to anyone other than her tax advisor, spouse, or as required by law.

[SIGNATURES ON FOLLOWING PAGE]

5

**ACCEPTED AND AGREED:**

_____     _____
Veronica Sanchez                                          Date


_____     _____
Jason S. Remer, Esq.                                       Date
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Email: jremer@rpgattorneys.com
*Attorney for Sanchez*

**ACCEPTED AND AGREED:**

X_____     10 12 15
Jaime Maussan                                             Date

_____     10 12 15
Oscar Fernandez Luque                              Date


_____     _____
Eric O. Gros-Dubois, Esq.                           Date
EPGD Attorneys at Law, P.A.
2701 Ponce de Leon Blvd, Suite 202
Coral Gables, FL 33134
Email: eric@EPGDLaw.com
*Attorney for Franchisee, Smoothie King Doral Florida*

ACCEPTED AND AGREED:

_(signature)_

Smoothie King Co., Inc.                    Date 10/28/15

Printed Name: Joseph M. Lewis

Title: VP / General Counsel

_(signature)_

Dena H. Sokolow                             Date 10/28/15
BAKER DONELSON BEARMAN
 CALDWELL & BERKOWITZ, P.C.
101 North Monroe Street, Suite 925
Tallahassee, Florida 32391
Phone: 850-425-7551
Email: dsokolow@bakerdonelson.com
*Attorneys for Smoothie King Co., Inc.*

7

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by Plaintiff **VERONICA SANCHEZ** ("Sanchez") and Defendant **SMOOTHIE KING CO., INC.** (hereinafter referred to as "Smoothie King")")(which term(s) shall collectively include all parent, subsidiary and affiliated companies including all officers, directors, agents, representatives, attorneys, fiduciaries, insurers, administrators, stockholders, partners, and/or employees, in both their individual and official capacities) and **SMOOTHIE KING DORAL FLORIDA** ("Franchisee").

**WHEREAS**, Sanchez originally filed suit against Smoothie King on or about July 1, 2015, in the Circuit Court for Eleventh Judicial Circuit in and for Miami Dade County, Florida, which was timely removed on September 3, 2015, by Smoothie King to the United States District Court for the Southern District of Florida, Case No. 1:15-cv-233-44-MGC (the "Action").

**WHEREAS**, in the Action, Sanchez alleges violations of the Fair Labor Standards Act (29 U.S.C. §§201 *et seq.*, hereinafter "FLSA") and the Florida Minimum Wage Act (§448.101, Fla. Stat. "FMWA"). Sanchez seeks unpaid minimum wage compensation, liquidated damages, and reasonable attorneys' fees and costs.

**WHEREAS**, Smoothie King denies that Sanchez was ever employed by Smoothie King or that it has committed any wrongdoing or violated any state or federal law pertaining to the payment of wages and has defended the claims asserted in the Action;

**WHEREAS**, Franchisee acknowledges that it employed Sanchez but denies that it has committed any wrongdoing or violated any state or federal law pertaining to the payment of wages;

**WHEREAS**, the Parties agree that there are bona fide disputes between them with respect to (a) the legal entitlement to the amounts claimed in the Action; and (b) the facts that are the basis for the allegations made in the Action;

**WHEREAS**, the Parties, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement believe that the settlement as provided in this Agreement is in each of their own best interests and counsel for Sanchez specifically and separately agree that the settlement as provided in this Agreement is in the best interests of the Sanchez and is a fair, reasonable, and adequate resolution of the Action;

**WHEREAS**, the Parties desire and intend to seek Court approval of the settlement of the Action as set forth in Section 1 of this Agreement and to seek an entry of final dismissal from the Court, dismissing with prejudice the claims of Sanchez as set forth herein;

**NOW, THEREFORE**, in consideration of the covenants and mutual promises and agreements herein contained, and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree to terminate past, present, and potential controversies

1

between the Parties to the extent stated in greater detail below, and the Parties covenant and agree as follows:

    **1.**    **Approval of Settlement.** All terms of this Agreement are contingent upon the approval of the Court, and this Agreement is entered into voluntarily by the Parties for settlement purposes only. Notwithstanding the above, the Parties intend for the terms and provisions of this Agreement to be binding upon the Parties subject to the approval of the Court.

    **2.**    **Settlement Approval Procedure.** This Agreement will become final and effective upon occurrence of all of the following events:

        a.    Entry of an Order by the Court approving this settlement;

        b.    Execution of this Agreement by Sanchez, Smoothie King, Franchisee and their respective counsel of record;

        c.    Joint submission to the Court of a Joint Motion for Review and Approval of Settlement and Dismissal of Case with Prejudice requesting the Court's entry of an Order dismissing all claims made with prejudice.

        d.    In exchange for this executed release by Sanchez, Franchisee shall tender to Sanchez's Counsel the settlement payment as stated below.

    **3.**    **Effect of Non-Approval.** In the event that any of the conditions specified in Section 2 of this Agreement are not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement, shall, for all purposes, be null and void. In such event, nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the Action and the Parties do not waive, and instead expressly reserve their respective and all rights with respect to the prosecution and defense of the Action as if the Agreement never existed. If voided, the Parties further agree to extend any necessary deadlines in the Action, or where necessary, request the Court to do so.

    **4.**    **Settlement Sum and Settlement Payment Procedure:** Franchisee shall pay the gross sum of $1,700.00 ("Settlement Payment") to settle all claims made in the Action. Upon execution of this Agreement, Court approval of the Parties' settlement, and within thirty (30) calendar days following Court approval, the Settlement Payment will be paid and distributed in one check made payable to Veronica Sanchez in the gross amount of Two Hundred Sixty and 42/100 Dollars ($260.42), with all proper withholdings made by Franchisee. Each party (i.e. Sanchez and the Franchisee) will pay the appropriate taxes, as either employer or employee customarily does, on this amount, which will be designated by the parties as back wages. Franchisee will issue an IRS Form W-2 to Sanchez for this respective amount at the normal time it issues W-2s to employees. A second check will be made payable to the Remer & Georges-Pierre, PLLC, Trust Account, Tax ID No. 36-4623742 in the amount of One Thousand Four Hundred Thirty Nine Dollars and 58/100 ($1439.58), which represents Nine Hundred and Eighty Dollars and 58/100 Dollars ($980.58) for attorneys' fees and Four Hundred Fifty Nine and 00/100 ($459.00) in costs.

5.      **General Release by Sanchez:** In exchange for the considerations recited in Section 4 of this Agreement, Sanchez does hereby and forever release, acquit, and discharge Smoothie King and Franchisee, which includes their attorneys and past, present, and future divisions, affiliates, predecessor, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies from any and all claims, causes of action, demands, debts, obligations, damages, or liability of any nature whatsoever, known or unknown, that were alleged, could have been alleged, may be based in whole or in part upon, do or may arise out of, or are or may be related to or in any way connected with her employment with Franchisee as well as the claims, matters, transactions, or occurrences referred to in the Action, and any and all other claims under the FLSA and all other local, state, or federal laws relating to wage and hour compensation up to the execution of this Agreement, including, but not limited to, alleged claims of unpaid wages and all derivative claims under the Employee Retirement and Income Security Act, 29 U.S.C. §§ 201, *et seq.* All such claims, if any and including any and all claims for attorneys' fees, costs, expenses and the like, are hereby compromised, settled, and extinguished in their entirety.

Sanchez understands that she is releasing Smoothie King and Franchisee from claims that she may not know about as of the date of the execution of this Agreement, and that is her knowing and voluntary intent even though she recognizes that someday she might learn that some or all of the facts she currently believes to be true are untrue and even though she might then regret having signed this Agreement. Nevertheless, Sanchez is expressly assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Sanchez expressly waives all rights she might have under any law that is intended to protect her from waiving unknown claims, and Sanchez understands the significance of doing so.

Sanchez also confirms that no Opt-in Plaintiffs have filed their Consents to join this Action, and that she has neither solicited nor contacted any Smoothie King or Franchisee employees or former employees for purposes of joining the Action.

6.      **Non-admission:** The Parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by the Parties. The Parties agree that this Agreement represents a fair and reasonable settlement of this bona fide dispute as to the facts and the law that apply to this matter. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties to this Agreement. The Parties further acknowledge and agree that this Agreement, the settlement, and any part of the negotiations shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity.

7.      **Non-Disparagement:** Sanchez agrees that she will not make any disparaging statements or comments to any person or entity by any medium, whether oral or written, about Smoothie King or the Franchisee. Nor shall Sanchez communicate to any person or entity by any medium, whether oral or written, any information harmful or adverse to Smoothie King or the Franchisee.

3

**8. Modification of Agreement:** This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Parties and as approved by the Court.

**9. Further Cooperation:** The Parties and their respective counsel shall proceed diligently to prepare and execute all documents, to seek the necessary Court approvals, and to do all things reasonably necessary or convenient to consummate the Agreement and settlement as expeditiously as possible.

**10. Payment of Taxes:** Franchisee will be responsible for payroll deductions that it would normally be responsible for in connection with payment of wages to an employee. Sanchez agrees that she is ultimately and solely responsible for paying the correct amount of taxes on any amount she receives in connection with this Agreement. Sanchez agrees to not make any claim against Franchisee based on how Franchisee reports the amount paid under this Agreement to tax authorities or if an adverse determination is made as to the tax treatment of any amounts payable under this Agreement. Sanchez further acknowledges and agrees that, in the event that any taxes, penalties, or liabilities of any kind are assessed against or incurred by Franchisee or Smoothie King for any reason in connection with this Agreement and/or payment made hereunder, she will fully and completely indemnify and hold harmless Franchisee or Smoothie King for said taxes, penalties, or liabilities. Nothing contained herein shall be construed or relied upon as any advice or opinion by or on behalf of Franchisee or Smoothie King regarding the tax treatment of any sums payable pursuant to this Agreement.

**11. Entire Agreement:** This Agreement constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, oral or written, relating to the subject matter of this Agreement. This Agreement replaces and supersedes all prior agreements between the Parties. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms. This Agreement shall not be modified, amended or terminated unless such modification, amendment or termination is executed as required by Section 8 above.

**12. Construction:** This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement, or any specific term or condition thereof. Sanchez, Smoothie King and Franchisee participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, neither Sanchez, Smoothie King nor Franchisee may claim that any ambiguity in this Agreement should be construed against the other.

**13. Enforcement:** This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Florida, both in its procedural and substantive aspects, and without regard for the principle of conflict of laws, or, in the event the choice of Florida law is deemed inapplicable, in accordance with U.S. federal law. The application of the laws of the State of Florida, or U.S. federal law if Florida law is deemed inapplicable, shall exclude in all cases any choice of law or conflict of law rules or provisions

4

(whether of the State of Florida or any other jurisdiction) that may direct or would cause the application of the laws of any other state, country or jurisdiction.

**14.   Remedies for Breach of Agreement:** Sanchez agree that Smoothie King and/or the Franchisee will be irreparably harmed by any actual or threatened violation of this Agreement, and that Smoothie King and/or the Franchisee will be entitled to an injunction prohibiting Sanchez from committing any such violation. Sanchez hereby waives any requirement for the posting of a bond by Smoothie King and/or the Franchisee in connection with any injunctive relief it may seek as set forth herein. In addition, if a court finds that Sanchez breached any provisions of this Agreement, Sanchez will be required to pay the reasonable attorneys' fees and costs Smoothie King and/or the Franchisee incurred in bringing the action to enforce this Agreement.

**15.   Execution of Agreement:** The Parties agree that this Agreement shall be executed in multiple original counterparts, each having the same force and effect as if all Parties executed a single instrument. This Agreement will only be effective upon the execution of the Agreement by Sanchez, Smoothie King, and the Franchisee and upon Court approval of the Parties' settlement.

**16.   Dismissal with Prejudice:** Upon the execution of this Agreement and Court approval of the Parties' settlement, Sanchez and Smoothie King will file with the Court a Stipulation of Dismissal With Prejudice of the Action.

**17.   Attorney Fees, Costs Expenses:** Except as otherwise specifically provided herein, the Parties shall bear responsibility for their own attorneys' fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of the Action. Nothing in this Agreement, however, shall prohibit or restrict Smoothie King from seeking indemnification from Franchisee for all costs, expenses and attorneys' fees incurred in defense of this Action as provided for in the Franchise Agreement between Smoothie King and the owners of the Franchisee.

**18.   Continuing Jurisdiction:** The United States District Court for the Southern District of Florida shall retain continuing jurisdiction and its ability to hear and adjudicate the issues of law and facts asserted in the Action until a final order of dismissal is signed by this Court.

**19.   Confidentiality:** Other than as necessary to obtain Court approval of this settlement, Sanchez and her attorneys agree not to disclose the amount of the Settlement Payment to anyone other than her tax advisor, spouse, or as required by law.

### [SIGNATURES ON FOLLOWING PAGE]

**ACCEPTED AND AGREED:**

X _____*[signature]*_____  X  10/22/15
Veronica Sanchez                Date

_____*[signature]*_____         10-26-15
Jason S. Remer, Esq.            Date
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Email: jremer@rpgattorneys.com
*Attorney for Sanchez*


**ACCEPTED AND AGREED:**


_____   _____
Jaime Maussan                     Date


_____   _____
Oscar Fernandez Luque             Date



_____   _____
Eric O. Gros-Dubois, Esq.         Date
EPGD Attorneys at Law, P.A.
2701 Ponce de Leon Blvd, Suite 202
Coral Gables, FL 33134
Email: eric@EPGDLaw.com
*Attorney for Franchisee, Smoothie King Doral Florida*

ACCEPTED AND AGREED:

_____    __10/28/15_____
Smoothie King Co., Inc.                Date

Printed Name: _Joseph M. Lewit_
Title: _VP / General Counsel_

_____    __10/28/15_____
Dena H. Sokolow                        Date
BAKER DONELSON BEARMAN
 CALDWELL & BERKOWITZ, P.C.
101 North Monroe Street, Suite 925
Tallahassee, Florida 32391
Phone: 850-425-7551
Email: dsokolow@bakerdonelson.com
*Attorneys for Smoothie King Co., Inc.*

7